IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Joseph A. Price,

    Plaintiff,

  v.                          Case No. 2:18-cv-128

Commissioner of
Social Security,

    Defendant.

<u>ORDER</u>

Plaintiff Joseph A. Price brings this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability insurance benefits. In a decision rendered on January 30, 2017, the ALJ found that plaintiff has severe impairments consisting of lumbar degenerative disc disease, spondylosis, osteoarthritis, depressive disorder, anxiety disorder and alcohol dependence. PAGEID 992. The ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform a reduced range of sedentary work with specified physical limitations and, addressing plaintiff's mental impairments, that "the claimant is limited to goal based production measured by end result not pace work, will be off task for 5% of [the] workday, and needs work in a low stress job, defined as only occasional changes in the work setting." PAGEID 994. Relying on the testimony of a vocational expert, the ALJ concluded that there are jobs which plaintiff can perform and that plaintiff is not disabled. PAGEID 1003-05.

This matter is before the court for consideration of plaintiff's November 6, 2018, objections to the October 24, 2018,

report and recommendation of the magistrate judge, recommending that the decision of the Commissioner be affirmed.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Plaintiff's Objections

A. Plaintiff's Mental RFC - Dr. Lai's Opinion

In her December 30, 2014, review of the medical records, Dr.

Jaime Lai, Ph.D., a state agency psychological consultant, stated that plaintiff "would benefit from some flexibility in his break and work schedule during periods of increased symptoms" and "would benefit from access to supervisory support during times of change." PAGEID 66-67. Plaintiff argues that the ALJ erred by not including these limitations in his RFC and by not adequately explaining his failure to do so.

A claimant's RFC is the most that a claimant can do despite his or her limitations. 20 U.S.C. §404.1545(a)(1). The ALJ, not a medical expert, ultimately determines the claimant's RFC. *Coldiron v. Comm'r of Soc. Sec.*, 391 F.App'x 435, 439 (6th Cir. 2010); 20 C.F.R. §§404.1527(e)(2) and 404.1546(c). An ALJ's decision to give weight to medical opinion evidence does not require the ALJ to incorporate every restriction proposed by the medical source. *Salisbury v. Comm'r of Soc. Sec.*, No. 5:11-CV-2277, 2013 WL 427733, *7 (N.D. Ohio Feb. 1, 2013). "Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale." *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015).

Although the ALJ was not obligated to give "good reasons" for the weight he assigned to the opinion of Dr. Lai, a consultative examiner, see *Ealy*, 594 F.3d at 514, the ALJ gave a sufficient explanation for his decision to give her opinion partial weight. In regard to the limitations noted by plaintiff, the ALJ stated that Dr. Lai

> found that the claimant would need assistance during times of change and some ability to be off task and these

3

> are generally consistent with the above residual functional capacity *which has been set forth in more vocationally relevant terms*.

PAGEID 1002 (emphasis supplied). The ALJ also assigned little weight to Dr. Lai's opinion that plaintiff would require superficial interaction with others, as that opinion was inconsistent with the evidence and with Dr. Lai's findings of mild social limitations.

As the magistrate judge correctly noted, PAGEID 1249, the ALJ reasonably found that the limitations proposed by Dr. Lai and noted by plaintiff were sufficiently addressed by the RFC. The RFC limitations of "goal based production measured by end result not pace work" and allowing plaintiff to be "off task for 5% of [the] workday" addressed the proposed limitation that plaintiff might need some flexibility in his break and work schedule during periods of increased symptoms. By its nature, goal based production would permit more flexibility for break times than pace work on an assembly line. Dr. Lai's suggestion that plaintiff would benefit from access to supervisory support during times of change was addressed by the RFC requirement that plaintiff have a low stress job with only occasional changes in the work setting, which would also reduce the need for supervisory support.

The magistrate judge also correctly determined that *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 518-20 (6th Cir. 2011), relied on by plaintiff, is distinguishable. In *Stacey*, the ALJ completely failed to discuss what weight, if any, he assigned to the opinion of a consultative examining physician who concluded that the claimant was permanently limited to performing sedentary work, providing the appellate court with no means of review. In

contrast, the ALJ here addressed the recommendations of Dr. Lai referenced by plaintiff and concluded that they were "generally consistent with the above residual functional capacity which has been set forth in more vocationally relevant terms." PAGEID 1002. The ALJ adequately explained the weight he assigned to Dr. Lai's opinion and how he incorporated her recommendations in the RFC.

B. Treating and Nontreating Source Opinions

Plaintiff also objects to the magistrate judge's rejection of his argument that the ALJ unreasonably discounted the mental health evidence favorable to plaintiff's position in crafting plaintiff's RFC and inadequately explained the weight assigned to the treating source and other opinions. As to the first argument, the court notes that a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] ... presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)(internal citation omitted). An ALJ's failure to cite specific evidence does not indicate that it was not considered. *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004).

The court agrees with the magistrate judge's conclusion that the RFC is supported by substantial evidence despite plaintiff's identification of evidence supporting a more restrictive RFC. As the magistrate judge commented, PAGEID 1252-53 (citing evidence supporting the RFC determination), the record is more mixed than

5

plaintiff acknowledges. The ALJ considered the entire record in formulating plaintiff's RFC and did not engage in a one-sided review. PAGEID 994. For example, he discussed plaintiff's complaints of mental health symptoms and treatment notes documenting plaintiff's depression. *See* PAGEID 993; 998-1000. He discounted the weight given to the opinions of consulting psychologists James N. Spindler, M.S., and Karla Voyten, Ph.D., concluding that the medical evidence supported a level of mental impairment above what those experts opined. PAGEID 1002. However, the ALJ also discussed ample record evidence which indicated that plaintiff's mental symptoms are not disabling, including the fact that plaintiff did not take medication for his depression, and that his mental limitations, frequently described as mild or moderate, did not restrict his activities of daily living. PAGEID 993, 998-1000. The ALJ's RFC determination is well within the permitted zone of choice.

The court also agrees with the magistrate judge's finding that the ALJ adequately explained the weight he assigned to the treating and nontreating sources. Under SSR 96-2p, 1996 WL 374188 (July 2, 1996), treating-source opinions must be given "controlling weight" if: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." *See* 20 C.F.R. §404.1527(c)(2); SSR 96-2p, 1996 WL 374188 at *2-3. The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. 20 C.F.R. §404.1527(c)(2)-(6); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). However, a formulaic

6

recitation of factors is not required.  *See Friend v. Comm'r of Soc. Sec.*, 375 F.App'x 543, 551 (6th Cir. 2010).

The ALJ assigned little weight to the opinions of William Froilan, Ph.D., a treating psychologist, because: 1) the opinions were inconsistent with the evidence as a whole (citing extensively to exhibits in the record which indicated that plaintiff was mildly depressed and had mild or normal findings relating to concentration, insight, memory and judgment); 2) the limited medical evaluations from Dr. Froilan were inconsistent with reports of plaintiff's daily activities and failed to set forth specific functional limitations due to plaintiff's mental impairments; and 3) Dr. Froilan's opinions related to plaintiff's workers' compensation claim, and the decisions of other agencies are not binding on the Commissioner.  PAGEID 1000-1001.

The ALJ also gave little weight to the 2014 and 2015 opinions of Lee Roach, Ph.D., a treating psychologist, noting that these opinions: 1) were inconsistent with the medical evidence, which indicated that plaintiff had mostly normal or mild findings on mental status evaluations and was not taking psychotropic medication; and 2) were inconsistent with his own treatment notes, which documented no more than moderate impairments and which indicated, for example, that plaintiff had reconnected with friends and family, had begun a new relationship, and had improved with treatment.  PAGEID 1001.  The ALJ gave partial weight to Dr. Roach's January 25, 2016, letter opinion on whether plaintiff had reached maximum medical improvement with respect to his workers' compensation claim.  The ALJ agreed with Dr. Roach's opinion that plaintiff had moderate limitations and was improving with treatment, but rejected his opinion that plaintiff was unable to

7

return to work, as this was a determination reserved to the Commissioner. *See Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007); 20 C.F.R. §404.1527(e). The ALJ also rejected the workers' compensation work ability forms prepared by Dr. Roach in 2016 as they were inconsistent with the evidence and based on the rules applicable to workers' compensation disability. PAGEID 1001-02.

The ALJ considered the workers' compensation forms completed by Holly Conant, LISW, a treating licensed social worker. He correctly noted that Ms. Conant was not an "acceptable medical source" who could provide a medical opinion. *See* 20 C.F.R. §§404.1527(a)(2) 416.927(a)(2). He also gave her opinions little weight because they were inconsistent with the medical evidence of record. PAGEID 1002.

Although the "good reasons" requirement only applies to treating sources, *see Ealy*, 594 F.33 at 514, the ALJ also discussed the weight he gave to the opinions of nontreating sources. He gave little weight to the August 24, 2013, mental health evaluation of workers' compensation consultative examiner Marian Chatterjee, Ph.D. and her opinion that plaintiff was unable to work. The ALJ noted that the determination of disability was a matter reserved to the Commissioner, and that Dr. Chatterjee's conclusion that plaintiff was unable to work was inconsistent with her own findings on examination that plaintiff was mildly depressed and had fair short-term concentration and attention and intact memory. PAGEID 1002.

The ALJ gave partial weight to the September 9, 2014, mental health evaluation of consultative examiner James N. Spindler, M.S. Although Mr. Spindler found that plaintiff had few mental

8

limitations, the ALJ assessed some greater mental limitations in the RFC because plaintiff used alcohol in greater quantities than he admitted to Mr. Spindler. As discussed above, the ALJ discussed why he gave partial weight to the opinion of Dr. Lai. a state agency consultant. He gave little weight to the September 2014 records review by Karla Voyten, Ph.D., a state agency psychological consultant, because the medical evidence did not support her findings that plaintiff had no severe mental impairment. PAGEID 1002. The ALJ also thoroughly discussed why he gave little weight to the medical sources who assigned GAF (global assessment of functioning) ratings to plaintiff. PAGEID 1002-03. The ALJ adequately explained his reasons for the weight he assigned to the various expert opinions.

III. Conclusion

For the reasons stated above, the court concludes that the ALJ gave good reasons, supported by substantial evidence, for the weight he assigned to the expert opinions and for his formulation of plaintiff's RFC. The RFC determination and the Commissioner's non-disability finding are supported by substantial evidence. The court overrules the plaintiff's objections (Doc. 13), and adopts and affirms the magistrate judge's report and recommendation (Doc. 12). The decision of the Commissioner is affirmed, and this action is dismissed. The clerk is directed to enter final judgment in this case.

It is so ordered.

Date: January 31, 2019            s/James L. Graham
                                  James L. Graham
                                  United States District Judge